NEW AMSTERDAM CASUALTY COMPANY, Respondent, *v.* MAX
GROSS, Defendant, Impleaded with RAY GROSS, His Wife,
Appellant.

First Department, July 2, 1920.

**Debtor and creditor — judgment creditor's action to establish lien
on realty — fraudulent statement of defendant that he owned real
property — fraud insufficient to create lien on realty owned by
another.**

Suit by a judgment creditor brought to have the defendant adjudged to be
the real and true owner of real property standing in the name of another
person and to obtain a decree that the same be sold to satisfy the lien of
the plaintiff's judgment. The judgment was obtained by confession of
the defendant at whose instance the plaintiff had executed a bail bond,
which had been forfeited, upon the promise of the defendant to indemnify
the plaintiff and save him from liability, coupled with a sworn statement
by the defendant that he was the owner of certain realty. It appeared,
however, from the evidence that the defendant was not the owner of said
realty at the time aforesaid, but had conveyed the same at a time when
he was not indebted and when no judgment stood against him, which
conveyance was made three years prior to the time the plaintiff gave the
bail bond.

*Held,* that although the defendant made a false statement to the plaintiff
in reliance upon which he gave the bond, that fraud did not authorize
the court to appropriate the realty of a third person to pay the judgment
against the defendant, and that the complaint should be dismissed.

APPEAL by the defendant, Ray Gross, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of New York on the 4th day
of March, 1920, upon the decision of the court rendered after
a trial at the New York Special Term.

*Henry Greenberg,* for the appellant.

*Julian V. Carabba* of counsel [*John M. O'Neill* with him
on the brief], for the respondent.

PAGE, J.:

This is a judgment creditor's action to have the defendant
Max Gross adjudged to be the real and true owner of premises
No. 67 Stanton street, in the borough of Manhattan, city of
New York, and that the defendant Ray Gross be adjudged to

hold said premises for and in trust for him, and that the same be sold to satisfy the lien of the judgment. The plaintiff, at the request of the defendant Max Gross, executed a bail bond for one Joseph Elias on a criminal charge made against him in the State of Connecticut in the sum of $2,500. The defendant Max Gross executed a written agreement to indemnify and save harmless the plaintiff from liability on said bond. He at the same time gave a statement under oath in which he set forth, among other things, that he was the owner of the premises 67 Stanton street. The bail bond was forfeited and the plaintiff entered judgment against Max Gross upon confession, and this action was brought. The bail bond was issued and the agreement of indemnity executed on the 11th day of September, 1918. The plaintiff proved that the premises 67 Stanton street were deeded by Louis Isaacs to Ray Gross February 20, 1906; that on December 12, 1911, Ray Gross deeded the one-half interest in the premises to Max Gross, said deed containing the following provision: " It being understood as an express condition subsequent that in the event that the party of the second part should sell or attempt to sell, lease or attempt to lease, mortgage or attempt to mortgage, devise or attempt to devise or in any other way rid himself of or diminish his interest or attempt to without the consent and permission of the party of the first part then this grant shall be void and the interest granted to the party of the second part shall again be vested in the party of the first part."

Thereafter Max Gross executed an undertaking on appeal as security, and judgment was recovered against him for $512 in the month of June, 1915. This judgment was paid by Solomon Solovinsky, the father of the defendant Ray Gross, and on August 11, 1915, Ray Gross executed a deed to Solomon Solovinsky, and on August 27, 1915, Max and Ray Gross executed a conveyance to Solomon Solovinsky. On June 24, 1918, Solomon Solovinsky and wife deeded the premises to Ray Gross. It appeared from the evidence that Solovinsky loaned his daughter $4,000 at the time the property was purchased and that she executed thereafter an assignment of the rents to Solovinsky, and that from time to time Solovinsky advanced money to his daughter to pay off a

second mortgage of $6,000 upon the premises and for other purposes. Solovinsky testified that he conveyed the premises to his daughter in June, 1918, because she had repaid him the amount that had been advanced. It did not appear from the evidence that Max Gross was indebted or had any judgments against him at the time he conveyed the property to Solomon Solovinsky. Therefore, when Max Gross gave the written agreement of indemnity to the plaintiff in September, 1918, he did not have any title to or interest in the property in Stanton street. He had conveyed whatever interest he once had to Solomon Solovinsky more than three years prior to the plaintiff's giving the bail bond. It was not proved that at the time he made the conveyance he had any creditors, or that such conveyance was made to hinder, delay or defraud any one. Max Gross made a false statement to the plaintiff in reliance upon which the plaintiff gave the bond. Because of that fact alone, the court was not authorized to appropriate the property of Ray Gross to the payment of the judgment against Max Gross. Upon the trial the defendants' attorney claimed, and has argued upon the appeal, that the recovery of the judgment against Max Gross upon a confession of judgment violated the condition of the deed by his wife to him in 1911, and that thereby his interest in the property reverted to Ray Gross. It is not necessary to consider this contention, as three years before the confession of judgment Max Gross conveyed his interest in the property and by mesne conveyance it had become fully vested in Ray Gross several months before the obligation, upon which the confession was based, was incurred.

The judgment and findings should be reversed, with costs to appellant, and the complaint dismissed, with costs to defendant.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.